UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PIERRE TSHISHIMBI BASHALE, an individual<br><br>Plaintiff,<br><br>v.<br><br>JUDGE LYNETTE MCHENRY, an individual; JOHNSON MARK LLC, a corporation; CREDIT ONE BANK, a corporation;<br><br>Defendants. | Case No. 1:22-cv-00194-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Plaintiff, Pierre Tshishimbi Bashale, is proceeding *pro se* in this action, and has moved to proceed *in forma pauperis* (without payment of fees). (Dkt. 1.) He brings claims against three defendants: Lynette McHenry; Johnson Mark LLC; and Credit One Bank. (*See* Dkt. 2.)

For the reasons set forth below, the Court will dismiss the Complaint for failure to state a cognizable claim against any defendant. However, the Court will grant Plaintiff leave to file an amended complaint within thirty days if he believes that additional facts will establish a cognizable claim under the applicable standards.

MEMORANDUM DECISION AND ORDER - 1

## SCREENING REQUIREMENT AND RULE 8(a)

Because Plaintiff is seeking to proceed *in forma pauperis*, the Court will screen the complaint under 28 U.S.C. § 1915, which requires the Court to dismiss a case if the Court determines that the case is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008).

Under Federal Rule of Civil Procedure 8(a), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the sufficiency of a complaint, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the" plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Further, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The Court is not, however, required to "assume the truth of legal conclusions merely because

they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal citation omitted).

## SECTION 1983 LIABILITY

Based on the allegations in the Complaint, it appears that Plaintiff is seeking to bring civil rights claims under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege (1) that the defendant acted under color of state law, and (2) that the defendant deprived the plaintiff of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (internal quotations omitted). "The requisite causal connection may be established when an official sets in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict constitutional harms." *Id.* (internal quotations omitted).

# ANALYSIS

### A.    Defendant Lynnette McHenry

The Complaint alleges the following in relation to Defendant Lynnette McHenry, a former state court judge:

> As defined by the Civil Relief Act, Defendant is violating other Civil Rights Act 896 of arbitration by anticipating the decision and did not observe appear[a]nce time limit in the original case of lower court.
>
> . . . .
>
> My rights to appear to court for civil matters are being suf[f]ocated based on motion to set aside default judgement and order to set aside supporting documents.
>
> . . . .
>
> It would be grateful if this U.S. Court can grant the magistrate court to answer positively to the case between me "Pierre-Bashale" and the Credit One Bank w[h]ich Ms. Lynnette McHenry kept and the fact that made me to file this motion.

(Dkt. 2.)

From what the Court can discern from these allegations, Plaintiff is challenging an order issued by McHenry, in her capacity as a state court judge, granting a motion to set aside default judgment.

Under the *Rooker–Feldman* doctrine, "lower federal courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States." *Mothershed v. Justices of Sup. Ct.*, 410

**MEMORANDUM DECISION AND ORDER - 4**

F.3d 602, 606 (9th Cir. 2005) (as amended). To determine whether the *Rooker-Feldman* doctrine bars an action, a district court must first determine whether the action involves a de facto appeal from a state court decision. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). "A de facto appeal exists when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.' " *Id.* (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). If the action constitutes a de facto appeal, a district court is barred from deciding not only the issues adjudicated by the state court but also any other issues that are "inextricably intertwined" with the state court's decision. *Kougasian*, 359 F.3d at 1139-40; *Noel*, 341 F.3d at 1157-58.

Here, Plaintiff alleges that his rights were "suffocated" by the state court's rulings and appears to request that this Court order the state court judge to rule in his favor. Thus, Plaintiff is asserting as a legal wrong an allegedly erroneous decision by a state court and is seeking relief from that decision. Accordingly, this case involves a de facto appeal from a decision issued by a state court and this Court lacks subject matter jurisdiction over the case. *See ibid.*

Moreover, to the extent Plaintiff seeks to bring a claim against McHenry for damages based on the allegations in the Complaint, such a claim is barred under

**MEMORANDUM DECISION AND ORDER - 5**

the doctrine of judicial immunity.[1] *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002), *as amended* (Sept. 6, 2002) (absolute judicial immunity is afforded to judges for acts performed by the judge that relate to the judicial process); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986)("Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.' ").

In sum, the Complaint fails to state a cognizable claim against Defendant McHenry. Accordingly, the claims against McHenry will be dismissed.

### B.     Defendants Johnson Mark LLC and Credit One Bank

The Complaint lists both Johnson Mark LLC and Credit One Bank as defendants. However, the Complaint does not include any factual allegations regarding these defendants and accordingly fails to state a cognizable claim against them. Johnson Mark and Credit One Bank will accordingly be dismissed.

---

[1] Although there are two exceptions to the doctrine of judicial immunity, the allegations in the Complaint do not demonstrate that either of those exceptions apply here. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) ("[O]ur cases make clear that [judicial] immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.") (citations omitted).

### C.    Leave to Amend

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see also Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008). "However, liberality in granting leave to amend is subject to several limitations. Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir. 2011) (citations and internal quotation marks omitted); *see also Waldrip*, 548 F.3d at 732.

Although Plaintiff has not stated a cognizable claim against any of the defendants, and the Court finds it unlikely that he will be able to do so, the Court will grant Plaintiff leave to file an amended complaint if he believes that additional facts will establish a cognizable claim against the defendants under the applicable standards.

## ORDER

**IT IS ORDERED that:**

1.    Plaintiff's Complaint is DISMISSED without prejudice.

2. Plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this order.

3. If Plaintiff fails to timely file an amended complaint, or files an amended complaint that fails to comply with the guidelines set forth above, this case may be dismissed without further notice.

DATED: July 26, 2022

B. Lynn Winmill
U.S. District Court Judge